COURT OF CHANCERY, DEC. TERM, 1803.

Tyson *et al. vs.* Hollingsworth *et al.*

THIS was a bill filed by the creditors of *Parkin* and *McKenna* against *Parkin's* heir, devisee and adminis trator, and *McKenna's* executor. The bill stated, amongst other things, that *Parkin* and *McKenna*, hav- ing been partners in trade, were both dead, and that their partnership effects and personal estate were in- sufficient to pay off and discharge their debts, and that the whole of the said partnership effects, and their personal estate, had been exhausted in the pay- ment of their debts, and there remained due and ow- ing from their estate to the complainants, a consider- able sum of money. That *Parkin*, at the time of his death, was seised and possessed in fee simple of a va- luable real estate. That *McKenna* was not seised or possessed at the time of his death of any real estate. That *Parkin* devised his real estate to his mother *Ra- chel Hollingsworth*, the wife of *Jesse*, one of the de- fendants, in fee. That the complainants have no means of obtaining payment of their debts without resorting to a sale of the said real estate of *Parkin*, which they are advised is liable for the payment of said debts. *Prayer*, that the said real estate, or so much, &c. may be decreed to be sold to pay the debts due to the com- plainants, &c.

On the coming in of the answers, &c.

HANSON, Chancellor, (23d December 1803,) decreed as follows: Whether or not, in case of a deficiency of as- sets in the hands of the executor or administrator, this court can decree a sale of a real estate devolving on a person of full age, hath heretofore been considered as doubtful. In fact, there has been no such decree in this court. And in one case where creditors, several years since, filed a bill against the heir of full age, who by his answer expressed his willingness to have the land sold for paying all the creditors, the chancel- lor refused to execute the power. He hath since of-

ten reflected on the subject, and thought that in that case he might have done wrong. For inasmuch as an executor or administrator is suable in this court, *on the ground of discovery, and land is in this state liable for all debts, as well as the personal estate,* there seems no reason wherefore an heir should not be sued on the same ground. Indeed this very case shews the propriety of this court exercising the jurisdiction. Here is a dispute between the executor of one partner, and the administrator of the other partner, and an heir and devisee, as well as between them all and the creditors; and if the creditors were referred to a remedy at law, it would be almost, if not altogether impracticable, to obtain it. . But here, if the chancellor be right in his present opinion, the remedy is easily attainable; all parties being compellable to account, in order to shew what is the amount of real and personal assets, as well as to shew what are the just claims against the deceased; and the interference of this court being obviously to the advantage of all parties, *Decreed,* that the defendant, *James Carey,* shall account for the personal assets in his hands, as executor of *Francis M·Kenna,* surviving partner of *Parkin & M·Kenna,* both in the right of the said *M·Kenna* alone, and of *M·Kenna* as surviving partner aforesaid. That the said *Susanna Goodwin,* as administratrix with the will annexed of *Thomas Parkin,* shall account for the personal assets in her hands. That the auditor of this court shall state the said accounts. &c. He shall state the several claims of the complainants, &c. And *inasmuch,* as it appears to the chancellor that the claims of the complainants, although not yet precisely ascertained, will require a sale of the real estate in the bill mentioned, it is further decreed, that all that tract of land, &c. be sold, &c.